SALTMARSH *v.* HOCKETT AND KNOXVILLE IRON CO.

CHANCERY PLEADING. *Disclaimer.* *Effect of.* A disclaimer of all interest in the subject matter of controversy by a defendant, renders any statements not responsive to the bill irrelevant and impertinent.

FROM KNOX.

Appeal from the Chancery Court at Knoxville. O. P. TEMPLE, Ch.

A. S. PROSSER for complainant.

CHAS. SEYMOUR for defendants.

COOPER, J., delivered an opinion, as follows:

The complainant attached, by bill in chancery, ten shares of stock in the Knoxville Iron Company as the property of D. Hockett, his debtor. Hockett made no defense, and the bill was taken for confessed against him. The company, a chartered corporation, after twice relying on the same matter by plea and amended plea, which were stricken from the files, filed an answer stating that the stock attached was covered by a certificate issued, and that this certificate had, before the filing of the bill, been presented, duly assigned by Hockett, for transfer on the books by one Charles Seymour, who claimed to be the owner by purchase, but that the certificate was not taken up and a new one issued, or any transfer made on the books, because of the absence of the secretary. The

company added, in its answer, that it had no interest
in the stock, nor knowledge of the matters in contro-
versy. The facts thus stated were proved by the
president of the company, whose deposition was taken
by the complainant. The Chancellor, on the hearing,
declared that Seymour was a necessary party "so far
as the bill seeks to reach the Knoxville Iron Com-
pany and the stock attached," and required the com-
plainant to make him a party within five days, other-
wise the bill would be dismissed. And, upon the
complainant declining to amend as required, the bill
was dismissed, and the complainant appealed.

The bill seeks no relief against the company, which
is only made a party to secure the proper transfer,
if the stock should be subjected as prayed. The
statement of the answer that the company had no in-
terest in the stock, amounted to a disclaimer, and
rendered anything further, not responsive to the bill,
mere surplusage. The fact that the statement of Sey-
mour's claim was made in the answer, did not render
it less irrelevant than if it had simply appeared in
the proof. It was, in either case, new matter and
impertinent to the issue. If the company had no
interest in the stock, the creditor had the right, at
his peril, to subject Hockett's interest if he had any.
The proceeding is purely statutory, and the creditor
sells, as under execution, only the interest of the
debtor. And although Seymour may have had the
certificate on the 28th of February, 1875, when he
presented it, *non constat* that he had any claim on
the 9th of February, 1876, when the bill was filed.

If, after the sale, the company finds itself in any danger of a demand from more than one party prejudicial to itself, the remedy is in its own hands. The rights of Seymour, if he have any, will not, of course, be affected by proceedings to which he is no party.

The decree · below will be reversed, and a decree rendered here in favor of the complainant for his debt against Hockett, and subjecting the stock by sale to the satisfaction thereof and of the costs adjudged against Hockett, which will be the costs of the court below, except the costs of the pleas.    These costs, as well as the costs of this court, will be paid by the Knoxville Iron Company.